■ In the Matter of MASSAPEQUA AUTO SALVAGE, INC., et al., Petitioners, v MICHELLE CHENEY DONALDSON, Respondent. [835 NYS2d 419]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated March 21, 2005, which, after a hearing, (1) found, inter alia, that the complainant was (a) subjected to a hostile work environment, (b) terminated from her employment because of her sex, and (c) retaliated against for having engaged in protected activities, and (2) awarded the complainant the principal sum of $1,345 as damages for lost pay and the principal sum of $80,000 in compensatory damages for mental anguish and humiliation, and the respondent cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition and cross petition are dismissed, without costs or disbursements.

22 NYCRR 202.57, entitled "Judicial review of orders of the State Division of Human Rights; procedure," provides as follows: "(a) Any complainant, respondent or other person aggrieved by any order of the State Commissioner of Human Rights or the State Division of Human Rights may obtain judicial review of such order by commencing a special proceeding, within 60 days after service of the order, in the Supreme Court in the county where the alleged discriminatory practice which is the subject of the order occurred or where any person required by the order to cease and desist from an unlawful discriminatory practice or to take other affirmative action resides or transacts business. Such proceeding shall be commenced by the filing of a notice of petition and petition naming as respondents the State Division of Human Rights and all other parties appearing in the proceeding before the State Division of Human Rights." The complainant, Elizabeth Sobczak, the individual who filed the relevant administrative complaint with the New York State Division of Human Rights (hereinafter the SDHR), based on alleged violation of her rights under the Human Rights Law, appeared as a party in the administrative proceeding before the SDHR, but was not named as a party in the instant proceeding, as required by the above rule. The failure to name her in this proceeding requires dismissal. The decision of the Court of Appeals in *Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*

(5 NY3d 452 [2005]), predicated on the Court's interpretation of CPLR 1001 (b), and applying that provision where a necessary party had not been joined, is not controlling in this case, where the court rule itself mandates the inclusion of the complainant in the instant proceeding.

Although there is no express requirement directing the SDHR to name the complainant as a party in an enforcement proceeding (*see* Executive Law § 298; *cf.* 22 NYCRR 202.57), since such a proceeding must be transferred to this Court for a consideration, on the merits, of whether the SDHR's determination is supported by substantial evidence (*see Matter of State Div. of Human Rights v Bystricky*, 30 NY2d 322 [1972]; *Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257 [2006]), we find no basis for excusing the SDHR from complying with the provisions of the court rule requiring the complainant to be named as a party to the proceeding. Accordingly, the cross petition also must be dismissed. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.