[894 NE2d 1183, 864 NYS2d 794]

WINDY RIDGE FARM et al., Appellants, v ASSESSOR OF THE TOWN OF SHANDAKEN et al., Respondents.

Decided August 28, 2008

## APPEARANCES OF COUNSEL

*Cooper Erving & Savage LLP*, Albany (*Brian W. Matula* of counsel), for appellants.

*Van DeWater and Van DeWater, LLP*, Poughkeepsie (*Amee C. Vantassell* of counsel), for Assessor of Town of Shandaken, respondent.

*Joshua N. Koplovitz, County Attorney*, Kingston, for County of Ulster, respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Central to this appeal is petitioners' claim that the Appellate Division erred in failing to apply the discretionary factors enumerated in *Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals* (5 NY3d 452 [2005]) before dismissing the proceeding for failure to join necessary parties Ulster County and the Onteora Central School District. We conclude that the Appellate Division reached the correct result.

CPLR 1001 (b) provides that joinder of a necessary party may be excused "[i]f jurisdiction over him can be obtained only by his consent or appearance," upon the court's consideration of five discretionary factors. Where the party *is* subject to the jurisdiction of the court, however, the statute instructs instead that "the court shall order him summoned" (CPLR 1001 [b]). The CPLR, therefore, "distinguishes between a necessary party 'subject to the jurisdiction of the court' and one over whom jurisdiction can be obtained only by consent or appearance" (*Red Hook*, 5 NY3d at 459).

In *Red Hook*, although the relevant limitations period had expired, the parties assumed that jurisdiction over the necessary party could have been obtained "only by his consent or appearance" (CPLR 1001 [b]). The Court, therefore, explicitly did not answer the question whether a necessary party "by virtue of the lapsed statute of limitations, [is] subject to, or beyond, the 'jurisdiction' of the court as the term is used in CPLR 1001" (*id.* at 459).

We now conclude—and answer the question left open in *Red Hook*—that the County and the District are subject to the juris-

diction of the court. We agree with the Appellate Division's recent analysis in *Matter of Romeo v New York State Dept. of Educ.* (41 AD3d 1102 [3d Dept 2007]), where that court refused to "condone a loose interpretation of 'jurisdiction' in any provision of the CPLR," finding that "[a] statute of limitations does not deprive a court of jurisdiction nor even a litigant of a substantive right, but is merely a defense which may, if properly asserted, deprive a plaintiff of any remedy from a defendant" (*id.* at 1104). Faced with clear language to the contrary, we are unwilling to consider an expired statute "the equivalent" of a jurisdictional defect (*see e.g. Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 161 [1st Dept 2002]). This, as noted by one recent commentator, is a "gloss on the statute" that we cannot sustain (*see* Alexander, Supplementary Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, 2008 Cum Pocket Part, CPLR C1001:2 [2006]).

When a necessary party "is subject to the jurisdiction of the court"—as we conclude that the County and the School District are—the statute directs that the court "order him summoned" (CPLR 1001 [b]). It does not provide for consideration of the discretionary factors. In most cases, therefore, the court would be required to join the necessary parties and remit for further proceedings (*see e.g. Matter of Romeo*, 41 AD3d at 1105). Here, however, following respondent Assessor's motion to dismiss for, among other things, failure to join the County and School District as necessary parties, petitioners filed an amended petition naming as additional respondents the County and School District. They, in turn, moved to dismiss on statute of limitations grounds, and established their right to dismissal of the amended petition against them due to the expiration of the four-month limitations period. Thus, under these circumstances, the case against the Assessor was properly dismissed due to petitioners' failure to join necessary parties (*see* CPLR 1003).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.