■ In the Matter of 80 LAFAYETTE ASSOCIATES, Petitioner, v KUMIKI GIBSON, as Commissioner of the New York State Division of Human Rights, on the Complaint of Ashraf Samann, Waheeb Wassef, Nageeb Wassef, Henna Samaan and Nashat Atalla, Respondent. [873 NYS2d 63]—

Determination of respondent Commissioner of the New York State Division of Human Rights, dated March 30, 2007, which, insofar as challenged in this proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Joan A. Madden, J.], entered on or about July 12, 2007), found that petitioner discriminated against complainant Nashat Atalla on the basis of national origin, and rendered an award in Atalla's favor, unanimously annulled, on the law, without costs, the petition granted, the

cross petition for judicial enforcement of the award denied, and Atalla's complaint dismissed.

Administrative proceedings were commenced against petitioner 80 Lafayette Associates (80 Lafayette), the owner of the commercial office building at 80 Lafayette Street in Manhattan, based on complaints filed with the State Division of Human Rights (DHR) by five of 80 Lafayette's former employees. The complainants, each of whom was of Egyptian descent, charged that 80 Lafayette had discriminated against them on the basis of their national origin. After a hearing at which the five complainants and certain 80 Lafayette managers testified, the presiding administrative law judge (ALJ) found that none of the complainants had sustained the burden of proving discrimination, and recommended that all of the complaints be dismissed. While the Commissioner adopted the ALJ's recommendation to the extent of dismissing four of the complaints, she rejected the recommendation to dismiss the complaint of Nashat Atalla, and instead rendered an award in Atalla's favor, predicated on his claim that 80 Lafayette had discharged him in September 1989 on the basis of his national origin. As this determination is not supported by "sufficient evidence on the record considered as a whole" (Executive Law § 298), we now annul it.

Atalla conceded having committed the act that 80 Lafayette adduced as the basis for his termination. Specifically, Atalla admitted that, in defiance of the direct order of his superior, he took an envelope from a desk in the 80 Lafayette manager's office and left with it. This blatantly insubordinate act plainly constituted a legitimate, nondiscriminatory business reason for terminating Atalla, thereby rebutting his prima facie case (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Accordingly, the burden shifted to Atalla to prove that the facially valid reason for his termination was merely a pretext for an action that was, in fact, motivated by invidious bias (*id.* at 629-630).

As found by the ALJ, Atalla failed to carry the burden of proving that he was terminated based on his national origin, especially in view of the prior determination rendered in Atalla's union grievance proceeding. The arbitrator in that proceeding determined that Atalla had committed the acts complained of in 80 Lafayette's termination letter and that such acts constituted misconduct that permitted his summary dismissal. The sole evidence Atalla offered to show that the discharge was based on his national origin was his hearing testimony (given more than a decade after the relevant events) that the manager who fired him told him at the time that he did not want "Egyptians work-

ing in the building." However, the four-page handwritten complaint that Atalla filed with DHR in February 1990, a few months after his termination, made no mention of any such statement. Neither was any such statement mentioned in the complaint submitted on Atalla's behalf in the union grievance proceeding, which complaint is quoted in the arbitrator's decision.

In rejecting the ALJ's findings as to Atalla, the Commissioner simply ignored the fact (which the ALJ had acknowledged) that, in Atalla's unsuccessful union grievance proceeding, the arbitrator had determined in 1992 that 80 Lafayette "had just cause to discharge [him]." While the arbitrator's finding was not binding on the Commissioner, it was inappropriate for her to reach a contrary conclusion without explanation (*see Collins v New York City Tr. Auth.*, 305 F3d 113, 119 [2d Cir 2002]). Further, the Commissioner's determination in favor of Atalla was also based in substantial part on a mischaracterization of the record. Specifically, contrary to the assertion in the Commissioner's decision that the manager who fired Atalla "did not deny that he made derogatory comments [about Egyptians] upon terminating [Atalla's] employment," the record shows that the manager did deny making such comments.

In sum, the Commissioner's rejection of the findings of the ALJ is not supported by "sufficient evidence on the record considered as a whole" (Executive Law § 298), given that those findings, involving primarily issues of credibility, were entitled to substantial weight inasmuch as it was the ALJ, not the Commissioner, who had the opportunity to see and hear the live testimony of the witnesses, and the Commissioner failed to articulate sufficient reasons for departing from the ALJ's findings (*see Matter of Kelly v Murphy*, 20 NY2d 205, 209-210 [1967]; *Matter of Alegre Deli v New York State Liq. Auth.*, 298 AD2d 581, 582 [2002]; *Matter of Lewis v Cambridge Filter Corp.*, 132 AD2d 802, 803 [1987]; *cf. Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). Accordingly, the Commissioner's determination is annulled, and Atalla's complaint is dismissed. Concur—Tom, J.P., Andrias, Friedman, Catterson and Acosta, JJ.