In the Matter of SUFFOLK COUNTY COMMUNITY COLLEGE et al., Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent and Cross Petitioner. BRUCE SIMMONS, Respondent on the Cross Petition. [877 NYS2d 405]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated February 7, 2008, which adopted the recommendation of an Administrative Law Judge dated

January 15, 2008, made after a hearing, inter alia, finding that the petitioner Suffolk County Community College engaged in unlawful racially discriminatory practices against one of its employees and retaliated against him, and awarding him compensatory damages in the sum of $50,000, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is dismissed, without costs or disbursements; and it is further,

Adjudged that the cross petition is denied, without costs or disbursements, the determination is annulled, and the administrative complaint is dismissed.

As we explained in *Matter of Massapequa Auto Salvage, Inc. v Donaldson* (40 AD3d 647, 648 [2007]), "22 NYCRR 202.57, entitled 'Judicial Review of Orders of the State Division of Human Rights; procedure,' provides as follows: '(a) Any complainant, respondent or other person aggrieved by any order of the State Commissioner of Human Rights or the State Division of Human Rights may obtain judicial review of such order by commencing a special proceeding, within 60 days after service of the order, in the Supreme Court in the county where the alleged discriminatory practice which is the subject of the order occurred or where any person required by the order to cease and desist from an unlawful discriminatory practice or to take other affirmative action resides or transacts business. Such proceeding shall be commenced by the filing of a notice of petition and petition naming as respondents the State Division of Human Rights and all other parties appearing in the proceeding before the State Division of Human Rights.' The complainant . . . who filed the relevant administrative complaint with the New York State Division of Human Rights (hereinafter the SDHR), based on alleged violation of [his] rights under the Human Rights Law, appeared as a party in the administrative proceeding before the SDHR, but was not named as a party [by the petitioner] in the instant proceeding, as required by the above rule." Under this Court rule, the failure to name the complainant in the petition requires dismissal of the petition (*id.*; *cf. Windy Ridge Farm v Assessor of Town of Shandaken,* 11 NY3d 725 [2008]).

Nonetheless, the SDHR named the complainant as a respondent in its cross petition to enforce the determination of the Commissioner of the SDHR (hereinafter the Commissioner), and served the complainant with the notice of cross petition and the cross petition. Since enforcement of such a determination is only warranted where it is supported by substantial evidence in the record (*see Matter of Massapequa Auto Salvage, Inc. v*

*Donaldson,* 40 AD3d at 649; *Matter of State Div. of Human Rights v Stoute,* 36 AD3d 257 [2006]), we reach the substantial evidence question on our consideration of the cross petition.

The Commissioner's determination was not supported by substantial evidence. First, the complainant admitted that the majority of incidents of which he complained were related to the use of profanity and poor hygiene practices by his coworkers, and not motivated by racial animus (*see Matter of 80 Lafayette Assoc. v Gibson,* 59 AD3d 231 [2009]; *Matter of Pageau v Tolbert,* 304 AD2d 1067, 1068 [2003]; *see generally Matter of Lahey v Kelly,* 71 NY2d 135, 141 [1987]).

Moreover, the proof adduced at the hearing did not show that the complainant was subjected to a hostile work environment in which his workplace was so permeated with discriminatory intimidation, ridicule, and insult as to alter the condition of his employment and create an abusive work environment. To recover under the Executive Law against an employer for the discriminatory practices of its employees, it must be shown that the employer became a party to such practices by encouraging, condoning, or approving them. This matter involved fewer than 20 incidents spread over a period of four years. The employer, Suffolk County Community College (hereinafter the College), investigated all of the incidents brought to its attention by the complainant and addressed them accordingly. The College also adduced evidence at the hearing that it contacted the local police department to investigate an incident that was potentially motivated by racial animus, and that an outside agency was requested to and did conduct an investigation of any systemic problems in the department in which the employee worked. Neither the police department nor the outside investigating agency found any evidence of racially discriminatory practices at the College (*see Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 310-311 [2004]; *Morse v Cowtan & Tout, Inc.,* 41 AD3d 563 [2007]; *Thompson v Lamprecht Transp.,* 39 AD3d 846, 847 [2007]; *Beharry v Guzman,* 33 AD3d 742, 743 [2006]).

Accordingly, the cross petition must be denied, the determination annulled, and the administrative complaint dismissed.

In light of our determination, we need not reach the remaining contentions of the College or Suffolk County Department of Civil Service. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.