In the Matter of DILRUBA RUMMAN, Petitioner, v DUANE READE, Respondent. [881 NYS2d 905]—

Proceeding, in effect, pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated April 12, 2007, which adopted the recommendation of an Administrative Law Judge dated February 2, 2007, made after a hearing, finding that the petitioner failed to demonstrate that the respondent's reason for terminating her employment was a pretext for unlawful discrimination, and dismissed the administrative complaint.

Adjudged that the petition is dismissed, with costs.

A "court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties" (*Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282 [1974]; *see City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *First Natl. Bank of Amsterdam v Shuler*, 153 NY 163, 170 [1897]; *Sawicki v County of Suffolk*, 4 AD3d 465, 466 [2004]; *Matter of Dyno v Rose*, 260 AD2d 694, 697 [1999]; *Solomon v Solomon*, 136 AD2d 697, 697-698 [1988]). A proceeding to review a determination of the New York State Division of Human Rights "shall be commenced by the filing of a notice of petition and petition naming as respondents the State Division of Human Rights and all other parties appearing in the proceeding before the State Division of Human Rights" (22 NYCRR 202.57 [a]). Accordingly, under the circumstances presented here, the failure to timely join the New York State Division of Human Rights requires dismissal of the proceeding (*see Matter of Suffolk County Community Coll. v New York State Div. of Human Rights*, 61 AD3d 881, 882 [2009]; *Matter of Massapequa Auto Salvage, Inc. v Donaldson*, 40 AD3d 647, 648-649 [2007]; *see also Matter of Jeanty v New York State Dept. of Correctional Servs.*, 36 AD3d 811, 812 [2007]; *Matter of Brucha Mtge. Bankers Corp. v Commissioner of Labor of State of N.Y.*, 266 AD2d 211, 211-212 [1999]; *cf. Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]). Prudenti, P.J., Miller, Covello and Austin, JJ., concur.