(August 20, 2009)

■ In the Matter of A. WILLIAM CASS, Respondent, v STEPHAN L. KRAKOWER, Appellant, et al., Respondents. [883 NYS2d 909]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing

for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 15, 2009, for the nomination of the Conservative Party as its candidate for the public office of Member of the Town Board of the Town of Poughkeepsie for Ward 5, Stephan L. Krakower appeals (1), as limited by his brief, from so much of a final order of the Supreme Court, Dutchess County (Sproat, J.), dated August 11, 2009, as denied his motion to dismiss the petition for failure to join a necessary party and granted the petition to the extent of invalidating the petition for an opportunity to ballot, and (2) from an order of the same court dated August 13, 2009.

Ordered that the appeal from the order dated August 13, 2009, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the final order dated August 11, 2009, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion of Stephan L. Krakower to dismiss the petition for failure to join a necessary party is granted, the proceeding is dismissed, and the Dutchess County Board of Elections is directed to conduct a primary election on September 15, 2009, giving members of the Conservative Party an opportunity to write in the name of a person for nomination as the candidate of the Conservative Party for the public office of Member of the Town Board of the Town of Poughkeepsie for Ward 5.

In this proceeding, inter alia, to invalidate a petition for an opportunity to ballot, the aggrieved candidate failed to name and serve the Committee to Receive Notices, as required by Election Law § 6-164. Accordingly, the Supreme Court erred in denying the appellant's motion to dismiss the petition and in invalidating the petition for an opportunity to ballot (*see Matter of Myers v Baisley*, 65 AD3d 649 [2009] [decided herewith]; *Matter of Anderson v Oswego County Bd. of Elections*, 113 AD2d 1019 [1985]; *cf. Matter of Simon v Power*, 17 NY2d 924 [1966]; *see generally Matter of Suffolk County Community Coll. v New York State Div. of Human Rights*, 61 AD3d 881, 882 [2009]; *Matter of Massapequa Auto Salvage, Inc. v Donaldson*, 40 AD3d 647, 648 [2007]; *but cf. Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725 [2008]).

The appeal from the order dated August 13, 2009, must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]), as the appellant does not seek reversal of any portion of that order in his brief. Mastro, J.P., Leventhal, Belen, Chambers and Lott, JJ., concur.