■ In the Matter of PATRICIA MYERS, Respondent, v JON BAIS-LEY, Appellant, et al., Respondents. [883 NYS2d 731]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate two petitions for an opportunity to ballot by providing for write-in candidates pursuant to Election Law § 6-164 in a primary election to be held on September 15, 2009, for the nominations of the Conservative Party and the Independence Party as their candidates for the public office of Supervisor of the Town of Poughkeepsie, Jon Baisley appeals from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated August 12, 2009, which denied his motion to dismiss the petition for failure to join a necessary party, and (2) a final order of the same court dated August 14, 2009, which granted the petition to the extent of invalidating the petitions for an opportunity to ballot.

Ordered that the appeal from the order dated August 12, 2009, is dismissed, without costs or disbursements; and it is further,

Ordered that the final order dated August 14, 2009, is reversed, on the law, without costs or disbursements, the motion of Jon Baisley to dismiss the petition for failure to join a necessary party is granted, the proceeding is dismissed, the order dated August 12, 2009, is modified accordingly, and the Dutchess County Board of Elections is directed to conduct primary elections on September 15, 2009, giving members of the Conservative Party and Independence Party an opportunity to write in the name of a person for nomination as the candidate of the Conservative Party and the Independence Party, respectively, for the public office of Supervisor of the Town of Poughkeepsie.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from

the intermediate order are brought up for review and have been considered on the appeal from the final order (see CPLR 5501 [a] [1]).

In this proceeding to invalidate two petitions for an opportunity to ballot, the aggrieved candidate failed to name and serve the Committee to Receive Notices, as required by Election Law § 6-164. Accordingly, the Supreme Court erred in denying the motion of Jon Baisley to dismiss the petition and in invalidating the petitions for an opportunity to ballot (see Matter of Cass v Krakower, 65 AD3d 637 [2009] [decided herewith]; Matter of Anderson v Oswego County Bd. of Elections, 113 AD2d 1019 [1985]; cf. Matter of Simon v Power, 17 NY2d 924 [1966]; see generally Matter of Suffolk County Community Coll. v New York State Div. of Human Rights, 61 AD3d 881, 882 [2009]; Matter of Massapequa Auto Salvage, Inc. v Donaldson, 40 AD3d 647, 648 [2007]; but cf. Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725 [2008]). Mastro, J.P., Leventhal, Belen, Chambers and Lott, JJ., concur.