■ In the Matter of GREENS AT HALF HOLLOW, LLC, Appellant, v SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS et al., Respondents. [48 NYS3d 147]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Suffolk County Department of Public Works dated October 12, 2012, and action, among other things, for a judgment declaring that a certain agreement is void as a matter of law, the petitioner/

plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated June 20, 2014, as granted those branches of the separate motions of the respondents/defendants Suffolk County Department of Public Works, Suffolk County Sewer Agency, Suffolk County Department of Health Services, and County of Suffolk, the respondent/defendant Town of Huntington, the respondents/defendants Greens at Half Hollow Home Owners Association, Inc., and Board of Managers of Greens at Half Hollow Condominiums I-V, the additional respondents/defendants New York State Office for People with Developmental Disabilities, formerly known as New York State Office of Mental Retardation and Developmental Disabilities, New York State Office of Mental Health, Sagamore Children's Psychiatric Center, and Long Island Developmental Disabilities Service Office, the additional respondents/defendants HSC No. 5 Housing Development Fund Company, Inc., and HSC No. 6 Housing Development Fund Company, Inc., and the additional respondent/defendant Country Pointe at Dix Hills Homeowners Association, Inc., which were pursuant to CPLR 3211 (a) (5) to dismiss the 1st through 7th and 10th through 12th causes of action insofar as asserted against each of them as barred by the statute of limitations.

Ordered that the notice of appeal from so much of the order as granted those branches of the separate motions of the respondents/defendants and the additional respondents/defendants which were pursuant to CPLR 3211 (a) (5) to dismiss the 1st, 2nd, 3rd, 4th, and 5th causes of action insofar as asserted against each of them is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants and the additional respondents/defendants appearing separately and filing separate briefs.

The Supreme Court properly directed the dismissal of the 1st through 5th causes of action, which were asserted pursuant to CPLR article 78, as barred by the statute of limitations. A party whose interest may be adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding (*see* CPLR 1001 [a]). Here, the petitioner/plaintiff failed to join, within the applicable four-month statute of limitations (*see* CPLR 217), all necessary parties which could have been adversely affected by the petitioner/plaintiff's challenge to a

determination of the respondent/defendant Suffolk County Department of Public Works dated October 12, 2012, concerning the rate it deemed to be "fair and reasonable" for the petitioner/plaintiff to charge all entities served by its sewage treatment plant. In an order dated November 8, 2013, the court ordered summoned, as necessary parties, all entities served by the petitioner/plaintiff's sewage treatment plant (*see* CPLR 1001 [b]), and additional respondents/defendants were joined by supplemental summons and supplemental notice of petition dated November 27, 2013. However, the additional respondents/defendants were not joined within the applicable four-month limitations period (*see Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]), and the petitioner/plaintiff failed to demonstrate that the relation-back doctrine applied (*see Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d 1474, 1475-1476 [2014]; *Karagiannis v North Shore Long Is. Jewish Health Sys., Inc.*, 80 AD3d 569, 569-570 [2011]; *Matter of Cybul v Village of Scarsdale*, 17 AD3d 462, 463 [2005]).

The Supreme Court also properly directed the dismissal of the 6th, 7th, 10th, 11th, and 12th causes of action, which sought declaratory relief, as barred by the statute of limitations. "[W]hen [a] proceeding has been commenced in the form of a declaratory judgment action, for which no specific Statute of Limitations is prescribed, 'it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' in order to resolve which Statute of Limitations is applicable" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-201 [1994], quoting *Solnick v Whalen*, 49 NY2d 224, 229 [1980]). Here, despite being couched in declaratory judgment language, the relief sought in these causes of action is available in the context of a CPLR article 78 proceeding, and thus, the four-month statute of limitations applies (*see* CPLR 217; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *Tornheim v Fiala*, 136 AD3d 797, 797 [2016]). However, the petitioner/plaintiff failed to join the additional respondents/defendants, who were necessary parties, within the four-month limitations period (*see* CPLR 217; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d at 727), and failed to demonstrate that the relation-back doctrine applied (*see Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d at 1475-1476).

The petitioner/plaintiff's remaining contention is without merit. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.