■ In the Matter of LEONARD L. GERMAIN, JR., Appellant, v TOWN OF CHESTER PLANNING BOARD, Respondent, et al., Respondent. [64 NYS3d 578]—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Chester Planning Board dated December 2, 2015, granting the application of the respondent Primo Sports for site plan approval of the subject property, the petitioner appeals from an order of the Supreme Court, Orange County (G. Walsh, J.), dated April 1, 2016, which granted the motion of the respondent Town of Chester Planning Board to dismiss the petition insofar as asserted against it for failure to join a necessary party.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [b] [1]; [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the motion of the respondent Town of Chester Planning Board to dismiss the petition insofar as asserted against it for failure to join a necessary party is denied, and the matter is remitted to the Supreme Court, Orange County, for the joinder of Chill Factor Cooling, LLC, as a respondent in this proceeding, without prejudice to its right to assert any defenses or affirmative defenses, for the service of the notice of petition and petition by the petitioner upon Chill Factor Cooling, LLC, within 30 days after service upon the

petitioner of a copy of this decision and order, for the service by Chill Factor Cooling, LLC, of an answer or motion directed to the petition, and for further proceedings thereafter.

Chill Factor Cooling, LLC (hereinafter Chill Factor), is a necessary party to this proceeding (*see* CPLR 1001 [a]; *Matter of Cybul v Village of Scarsdale*, 17 AD3d 462, 463 [2005]; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465 [2001]; *Matter of Artrip v Incorporated Vil. of Piermont*, 267 AD2d 457, 457 [1999]) subject to the jurisdiction of the court, and therefore, the Supreme Court should have "order[ed] [it] summoned," rather than granting the motion of the Town of Chester Planning Board to dismiss the petition insofar as asserted against it (CPLR 1001 [b]; *see Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]; *Matter of Jenkins v Astorino*, 110 AD3d 882, 885 [2013]; *Matter of Mega Sound & Light, LLC v Commissioner of Labor*, 99 AD3d 800, 800 [2012]; *Matter of Lazzari v Town of Eastchester*, 62 AD3d 1002, 1002-1003 [2009]; *see also Matter of Greens at Half Hollow, LLC v Suffolk County Dept. of Pub. Works*, 147 AD3d 942, 943-944 [2017]). Accordingly, we reverse the order and remit the matter to the Supreme Court, Orange County, for further proceedings (*see Matter of Mega Sound & Light, LLC v Commissioner of Labor*, 99 AD3d at 800; *Matter of Lazzari v Town of Eastchester*, 62 AD3d at 1002-1003). Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.