Matter of Warden v Southampton Town Newspapers, Inc. (2019 NY Slip Op 03059)





Matter of Warden v Southampton Town Newspapers, Inc.


2019 NY Slip Op 03059


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-02567
 (Index No. 15167/15)

[*1]In the Matter of Richard H. Warden, et al., appellants, 
v
Southampton Town Newspapers, Inc., respondent; State of New York, nonparty-respondent.


Richard H. Warden and Olga Warden, Southampton, NY, appellants pro se.
Harris Beach, PLLC, Buffalo, NY (Richard T. Sullivan and Christopher H. Feldman of counsel), for respondent.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for nonparty-respondent.



DECISION & ORDER
In a proceeding, in effect, pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated June 29, 2015, that there was no probable cause to believe that the respondent, Southampton Town Newspapers, Inc., discriminated against the petitioners on the basis of familial status, the petitioners appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated January 5, 2015. The order granted the respondent's motion, and the nonparty-respondent's separate motion, to dismiss the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding, in effect, pursuant to Executive Law § 298, the petitioners sought review of a determination of the New York State Division of Human Rights dated June 29, 2015, that there was no probable cause to believe that the respondent, Southampton Town Newspapers, Inc., discriminated against the petitioners on the basis of familial status. The respondent and the nonparty-respondent, State of New York, separately moved to dismiss the proceeding, inter alia, on the ground that the petitioners failed to join the New York State Division of Human Rights as a necessary party. In the order appealed from, the Supreme Court granted the motions.
"A court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties'" (Matter of Rumman v Duane Reade, 64 AD3d 715, 715, quoting Matter of Lezette v Board of Educ. Hudson City School Dist., 35 NY2d 272, 282). A proceeding to review a determination of the New York State Division of Human Rights "shall be commenced by the filing of a notice of petition and petition naming as respondents the State Division of Human Rights and all other parties appearing in the proceeding before the State Division of Human Rights" (22 NYCRR 202.57[a]).
Here, although the petitioners attempted to join the New York State Division of [*2]Human Rights by amending the petition, they failed to obtain leave of the court to do so, rendering the amendment a nullity (see Matter of Czajka v Dellehut, 125 AD3d 1177, 1181; Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 653; Matter of Board of Educ. of Florida Union Free School Dist. v DePace, 301 AD2d 521, 522). Accordingly, under the circumstances of this case, the failure to timely join the New York State Division of Human Rights requires dismissal of the proceeding (see Matter of Myers v Baisley, 65 AD3d 649, 650; Matter of Runman v Reade, 64 AD3d at 715; Matter of Massapequa Auto Salvage, Inc. v Donaldson, 40 AD3d 647, 648). The petitioners' status as pro se litigants did not entitle them to any rights greater than those of any other litigants (see Stewart v ARC Dev., LLC, 138 AD3d 413, 414; Matter of Correnti v Suffolk County Dist. Attorney's Off., 34 AD3d 578, 580; Brooks v Inn at Saratoga Assn., 188 AD2d 921, 921). Accordingly, we agree with the Supreme Court's determination to grant the respondent's motion, and the nonparty-respondent's separate motion, to dismiss the proceeding.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court