Matter of Wahab v Maple Crest Garden Apts. (2019 NY Slip Op 03058)





Matter of Wahab v Maple Crest Garden Apts.


2019 NY Slip Op 03058


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-13003
 (Index No. 3473/16)

[*1]In the Matter of Chassib Wahab, appellant,
v
Maple Crest Garden Apartments, et al., respondents.


Chassib Wahab, Stony Brook, NY, appellant pro se.
Jackson Lewis P.C., New York, NY (Ravindra K. Shaw of counsel), for respondents.



DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights dated March 14, 2016, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated October 18, 2016. The order and judgment granted the respondents' motion to dismiss the petition, in effect, dismissed the proceeding, and denied the petitioner's cross motions, inter alia, for leave to amend the petition to add the New York State Division of Human Rights as a party.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding, in effect, pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights (hereinafter the DHR) dated March 14, 2016. We agree with the Supreme Court's determination granting the respondents' motion to dismiss the petition, in effect, dismissing the proceeding, and denying the petitioner's cross motions, inter alia, for leave to amend the petition to add the DHR as a party. A proceeding to review a determination of the DHR "shall be commenced by the filing of a notice of petition and petition naming as respondents the [DHR] and all other parties appearing in the proceeding before the [DHR]" (22 NYCRR 202.57[a]). The DHR, which issued the determination challenged by the petitioner herein, is a necessary party, and the failure to timely join it warranted dismissal of the proceeding (see CPLR 1001[a]; 22 NYCRR 202.57[a]; Matter of Jiggetts v MTA Metro-N. R.R., 121 AD3d 414, 415; Matter of Rumman v Duane Reade, 64 AD3d 715; Matter of Jeanty v New York State Dept. of Correctional Servs., 36 AD3d 811, 812).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court