Matter of Pierre v F.J.C. Sec. Servs., Inc. (2019 NY Slip Op 04174)





Matter of Pierre v F.J.C. Sec. Servs., Inc.


2019 NY Slip Op 04174


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-08583
 (Index No. 1358/15)

[*1]In the Matter of Jean G. Pierre, appellant, 
v
F.J.C. Security Services, Inc., respondent.


Jean G. Pierre, Brooklyn, NY, appellant pro se.
The Ingber Law Firm, PLLC, White Plains, NY (Sharon Simon of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights dated December 10, 2014, the petitioner appeals from a judgment of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated June 6, 2016. The judgment, in effect, denied the petition and dismissed the proceeding for failure to join the New York State Division of Human Rights as a party.
ORDERED that the judgment is affirmed, with costs.
In June 2014, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the DHR) alleging that his employer, the respondent, F.J.C. Security Services, Inc. (hereinafter FJC), unlawfully discriminated against him on the basis of gender in violation of Executive Law article 15. In a determination dated December 10, 2014, the DHR dismissed the complaint, finding no probable cause to believe that FJC unlawfully discriminated against the petitioner. In February 2015, the petitioner commenced this proceeding pursuant to CPLR article 78 against FJC to review the DHR's determination. FJC filed a verified answer and, in an affirmative defense, sought dismissal of the petition for failure to join the DHR as a necessary party. The Supreme Court, in effect, denied the petition and dismissed the proceeding based on the petitioner's failure to join the DHR as a party. The petitioner appeals.
A proceeding to review a determination of the DHR "shall be commenced by the filing of a notice of petition and petition naming as respondents the [DHR] and all other parties appearing in the proceeding before the [DHR]" (22 NYCRR 202.57[a]). Thus, the DHR, which issued the determination challenged by the petitioner in this CPLR article 78 proceeding, is a necessary party, and the failure to timely join it warranted denial of the petition and dismissal of the proceeding (see CPLR 1001[a]; 22 NYCRR 202.57[a]; Matter of Jiggetts v MTA Metro-N. R.R., 121 AD3d 414; Matter of Rumman v Duane Reade, 64 AD3d 715; Matter of Jeanty v New York State Dept. of Correctional Servs., 36 AD3d 811).
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court