Deutsche Bank Natl. Trust Co. v Bandalos (2019 NY Slip Op 05106)





Deutsche Bank Natl. Trust Co. v Bandalos


2019 NY Slip Op 05106


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-08696
 (Index No. 604754/15)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Philip Bandalos, etc., et al., respondents, et al., defendants.


McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Heino J. Muller, Melisa Zukic, and Allison J. Sanders of counsel), for appellant.
Thomas M. Gandolfo, Merrick, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 14, 2015. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Kelly Bandalos and, in effect, for leave to join Mother of Pearl, Inc., as trustee of Beech Drive Land Trust, as a party to the action, and granted the cross motion of the defendants Philip Bandalos, also known as Joseph Bandalos, and Kelly Bandalos pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Kelly Bandalos and, in effect, for leave to join Mother of Pearl, Inc., as trustee of Beech Drive Land Trust, as a party to the action is granted, the cross motion of the defendants Philip Bandalos, also known as Joseph Bandalos, and Kelly Bandalos pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the joinder of Mother of Pearl, Inc., as trustee of Beech Drive Land Trust, as a defendant in this action, without prejudice to its right to assert any defenses or affirmative defenses, for the service of the summons and complaint by the plaintiff upon Mother of Pearl, Inc., as trustee of Beech Drive Land Trust, within 30 days after service upon the plaintiff of a copy of this decision and order, for the service by Mother of Pearl, Inc., as trustee of Beech Drive Land Trust, of an answer or motion directed to the complaint, and for further proceedings thereafter.
On May 5, 2015, the plaintiff commenced this action by electronic filing to foreclose a mortgage dated November 26, 2003, on premises located at 3 Beech Drive in Ronkonkoma (hereinafter the property), given by the defendants Philip Bandalos, also known as Joseph Bandalos, and Kelly Bandalos (hereinafter together the mortgagors) to Allstate Home Loans, Inc. The plaintiff was unable to properly serve Kelly Bandalos with process in this action, and the mortgagors filed a verified answer within 120 days of commencement, asserting, inter alia, the affirmative defense of lack of personal jurisdiction based upon improper service and the affirmative defense of failure to join a necessary party. In an order dated November 10, 2015, the Supreme Court, inter alia, [*2]granted the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve Kelly Bandalos with the summons and complaint by publication. On the same day, the court issued an order of publication.
The plaintiff subsequently moved pursuant to CPLR 306-b for a second extension of time to serve Kelly Bandalos by publication and, in effect, for leave to join Mother of Pearl, Inc., as trustee of Beech Drive Land Trust (hereinafter Mother of Pearl), the record owner of the property, as a party to the action. The mortgagors cross-moved pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against them for failure to join a necessary party or, in the alternative, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Kelly Bandalos for lack of personal jurisdiction. The Supreme Court denied the plaintiff's motion and granted the mortgagors' cross motion. The plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, for leave to join Mother of Pearl as a party to the action, and denied that branch of the mortgagors' cross motion which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against them. "A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the court should not proceed in the absence of a person who should be a party" (CPLR 3211[a][10]). However, CPLR 1001(b) provides that where the party "is subject to the jurisdiction of the court, the court shall order him [or her] summoned." Mother of Pearl, as the record owner of the property, is a necessary party to this action (see CPLR 1001[a]; RPAPL 1311[1]) subject to the jurisdiction of the court. Consequently, the court should have ordered Mother of Pearl summoned, rather than granting that branch of the mortgagors' cross motion which was pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against them (see CPLR 1001[b]; Windy Ridge Farm v. Assessor of Town of Shandaken, 11 NY3d 725, 727; Matter of Germain v Town of Chester Planning Board, 156 AD3d 633).
Further, under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend the time to serve the summons and complaint upon Kelly Bandalos by publication in the interest of justice, and denied that branch of the mortgagors' cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Kelly Bandalos (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). While the action was timely commenced, the statute of limitations has since expired. Although the plaintiff's only excuse for not serving Kelly Bandalos by publication is law office failure, it did make diligent efforts to serve her prior to the first extension of time to serve and the issuance of the order of publication. Further, Kelly Bandalos had actual notice of the action within 120 days of its commencement, she served and filed an answer, and there is no identifiable prejudice to her attributable to the delay in service (see Selman v City of New York, 100 AD3d 861; Thompson v City of New York, 89 AD3d 1011).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court