Matter of Bronx Coalition against Upzoning Inc. v New York City Dept. of City Planning (2024 NY Slip Op 06117)

Matter of Bronx Coalition against Upzoning Inc. v New York City Dept. of City Planning

2024 NY Slip Op 06117

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 802417/23 Appeal No. 3158 Case No. 2024-00826 

[*1]In the Matter of The Bronx Coalition Against Upzoning Inc., et al., Petitioners-Appellants,
v
The New York City Department of City Planning, et al., Respondents-Respondents.

Lippes & Lippes, Buffalo (Richard J. Lippes of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Jesse A. Townsend of counsel), for The New York City Department of City Planning, The New York City Council and New York City, respondents.
Akerman LLP, New York (Benjamin R. Joelson of counsel), for Throggs Neck Associates LLC, respondent.

Judgment (denominated an order), Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered on or about August 21, 2023, granting the motions of respondents The New York City Department of City Planning, The New York City Council, and the City of New York (collectively, the municipal respondents) and Throggs Neck Associates, LLC to dismiss the petition to vacate or annul an October 12, 2022 zoning amendment approval by City Council, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly dismissed the article 78 proceeding upon a finding that Throggs Neck, the developer who applied for a zoning amendment, could be inequitably affected by a judgment in the underlying petition and is therefore a necessary party to the proceeding (CPLR 1001, 1003; see Matter of Red Hook/Gowanus Changer of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457 [2005]).
Although Throggs Neck had a valid statute of limitations defense, it was nevertheless subject to the court's jurisdiction (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727 [2008]; see also Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 554 n 8 [2012]; Matter of 37 W. Realty Co. v New York City Loft Bd., 72 AD3d 406, 406 [1st Dept 2010]). Once the court considered and subsequently granted Throggs Neck's motion to dismiss based on the expiration of the statute of limitations, it then also properly granted the municipal respondents' motion to dismiss for failure to join a necessary party, all without consideration of the discretionary factors set forth in CPLR 1001(b) (Windy Ridge, 11 NY3d at 727; see also Matter of Greens at Half Hollow, LLC v Suffolk County Dept. of Pub. Works, 147 AD3d 942, 943-944 [2d Dept 2017]).
We have considered petitioners' remaining arguments, including petitioners' argument that Throggs Neck might not be inequitably affected by a potential judgment, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024