Arrigo v DiNapoli (2025 NY Slip Op 02978)

Arrigo v DiNapoli

2025 NY Slip Op 02978

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CV-23-2157
[*1]Robert Arrigo, Appellant,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents, et al., Respondent.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Government Justice Center, Inc., Albany (Cameron J. Macdonald of counsel), for appellant.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for Thomas P. DiNapoli and others, respondents.
Glavin PLLC, New York City (Rita M. Glavin of counsel), for Andrew M. Cuomo, respondent.

Clark, J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), entered October 2, 2023 in Albany County, which, among other things, granted certain defendants' motions for summary judgment dismissing the complaint against them.
In April 2019, the Legislature passed a concurrent resolution increasing the annual salaries for the offices of Governor and Lieutenant Governor retroactive to January 1, 2019, and setting forth additional pay increases — conditioned on the timely passage of the state budget — scheduled to take place on January 1, 2020 and January 1, 2021 (see Senate Resolution No. B-958 of 2019; Assembly Resolution No. C-243 of 2019 [hereinafter collectively referred to as the concurrent resolution]). Pursuant to State Finance Law article 7-A, plaintiff commenced the instant taxpayer action against defendant Comptroller in December 2019, seeking a declaration that the concurrent resolution is unconstitutional and to enjoin the Comptroller from paying those holding the offices of Governor and Lieutenant Governor in accordance therewith. Following joinder of issue, the Comptroller moved for summary judgment seeking, among other things, dismissal of the complaint due to plaintiff's failure to join the relevant officeholders as necessary parties, as well as a declaration that the concurrent resolution had not been proven to be unconstitutional. Supreme Court granted that motion. Upon plaintiff's appeal, we agreed that those holding the offices of Governor and Lieutenant Governor since 2019 were necessary parties, as their interests could be negatively affected by a declaration finding the concurrent resolution unconstitutional (204 AD3d 1339, 1340-1341 [3d Dept 2022]). However, we found that the court erred in dismissing the complaint, as those officers "are subject to [Supreme Court's] jurisdiction" and should instead "be joined as necessary parties and ordered . . . summoned" (id. at 1341; see CPLR 1001 [b]; 1003). Accordingly, we remitted this matter to allow plaintiff to join the necessary parties (204 AD3d at 1343).
In May 2022, following remittal, plaintiff filed an amended complaint adding defendants Governor Kathleen C. Hochul, former Governor Andrew M. Cuomo and former Lieutenant Governor Brian A. Benjamin.[FN1] As relevant herein, the Comptroller and Governor Hochul moved for summary judgment dismissing the complaint, arguing that the action was time-barred against Governor Hochul due to the expiration of the statue of limitations and arguing for the application of the law of the case doctrine, among other things; plaintiff cross-moved for summary judgment. Former Governor Cuomo also moved for summary judgment, seeking similar relief, and plaintiff again cross-moved for summary judgment. Then, in April 2023, as those motions remained pending, plaintiff filed a second amended complaint adding defendant Lieutenant Governor Antonio R. Delgado. Lieutenant Governor Delgado moved for summary judgment, largely adopting the arguments put forth [*2]by the other defendants, and plaintiff filed his own cross-motion for summary judgment. Supreme Court found that its prior declaration that the concurrent resolution had not been shown to be unconstitutional had preclusive effect against plaintiff and, as such, it denied plaintiff's cross-motions, granted the motions filed by the various defendants and dismissed the complaint in its entirety. Plaintiff appeals, and we affirm, albeit on different grounds.
On appeal, the Comptroller, Governor Hochul, Lieutenant Governor Delgado and former Governor Cuomo (hereinafter collectively referred to as defendants) contend that the instant action, brought pursuant to State Finance Law article 7-A, is subject to a one-year statute of limitations (see CPLR 215 [4]). "Although declaratory judgment actions are typically governed by a six-year statute of limitations, if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period governs, then such shorter period must be applied" (Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1088-1089 [3d Dept 2012] [internal quotation marks and citations omitted]; see CPLR 213 [1]; Smith v State of New York, 201 AD3d 1225, 1227 [3d Dept 2022]). Such a rule prevents litigants from characterizing actions as seeking purely declaratory relief in order to circumvent a narrower limitations period (see Solnick v Whalen, 49 NY2d 224, 230 [1980]; Matter of Mule v Hawthorne Cedar Knolls Union Free School Dist., 290 AD2d 698, 699 [3d Dept 2002]; Meyers v City of New York, 208 AD2d 258, 264-265 [2d Dept 1995]). Determining "the true nature of the dispute — and the time limitation applicable thereto — requires the court to examine the substance of th[e] action to identify the relationship out of which the claim arises and the relief sought" (Doyle v Goodnow Flow Assn., Inc., 193 AD3d 1309, 1310 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 911 [2021]; see Tokos v County of Broome, 221 AD3d 1392, 1395 [3d Dept 2023]).
By its own terms, the second amended complaint seeks only a declaration that the concurrent resolution is unconstitutional and an order enjoining the Comptroller from prospectively paying those holding the offices of Governor and Lieutenant Governor in accordance with the rates set therein. Plaintiff thus argues that, as he does not seek reimbursement for past payments, the instant action should not be subject to a one-year statute of limitations (see CPLR 215 [4]) but, rather, should be subject to the residuary six-year statute of limitations applicable to declaratory actions (see CPLR 213 [1]). However, a declaration that the concurrent resolution is unconstitutional would trigger the Comptroller's fundamental duties, including the duty to seek recovery of any illegal overpayments (see NY Const, art V, § 1; State Finance Law § 8 [1], [2], [2-b], [3], [7]; Matter of Martin H. Handler, M.D., P.[*3]C. v DiNapoli, 23 NY3d 239, 247 [2014]). Further, plaintiff's standing to file the instant action stems directly from the Legislature's recognition that taxpayers should have a process to "to redress the waste or improper disposition of public funds" (Clowes v Pulver, 258 AD2d 50, 55 [3d Dept 1999], lv dismissed 94 NY2d 858 [1999]; see State Finance Law § 123-b; see generally Wein v Comptroller of State of N.Y., 46 NY2d 394, 397-398 [1979]). Despite plaintiff's attempt to limit this action to one seeking purely declaratory relief, the claim arises from his interest, as a taxpayer, to marshal "the proper disposition of all state funds" (State Finance Law § 123). Under these circumstances, where the true nature of the dispute centers on whether state funds have been or will be illegally expended, and recognizing the Comptroller's requirement to seek recoupment in those instances, we find that the instant action is subject to a one-year statute of limitations (see CPLR 215 [4]; Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, 65 NY2d 793, 796 [1985]; Clowes v Pulver, 258 AD2d at 54-55; contra Cannabis Impact Prevention Coalition, LLC v New York State Cannabis Control Bd., ___ Misc 3d ___, ___, 229 NYS3d 854, 865 [Sup Ct, Albany County 2025]).
Next, we turn to the application of that one-year limitations period to the instant action. The concurrent resolution was passed in April 2019; plaintiff joined Governor Hochul and former Governor Cuomo in May 2022 and Lieutenant Governor Delgado in April 2023. As these necessary parties were added to the action well beyond the expiration of the applicable statute of limitations (see CPLR 215 [4]), we agree that the action was time-barred against them.
Further, defendants contend that the failure to timely join these necessary parties necessitates dismissal of the entire action. Where jurisdiction over a necessary party "can be obtained only by his [or her] consent or appearance, the court, when justice requires, may allow the action to proceed without his [or her] being made a party," after due consideration of five enumerated, discretionary factors (CPLR 1001 [b]). Such discretion is not available where, as here, "a necessary party 'is subject to the jurisdiction of the court' . . . [, and] the statute directs that the court 'order him [or her] summoned' " (Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727 [2008], quoting CPLR 1001 [b]). Rather, a necessary party who is joined may still present any available defense, including that the claim is time-barred against him or her (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d at 727; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104 [3d Dept 2007]). A finding that a claim is time-barred against a necessary party requires dismissal of the entire action (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d at 727). As such, under these circumstances, where the statute of limitations [*4]had expired against Governor Hochul, Lieutenant Governor Delgado and former Governor Cuomo, plaintiff's failure to timely join those necessary parties requires dismissal of the entire action (see CPLR 1003; Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d at 727).
To the extent not expressly addressed herein, the parties' remaining contentions have been rendered academic.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Former Lieutenant Governor Benjamin resigned on April 12, 2022. He did not participate in the proceedings below and has not participated on appeal.