# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1204**
**TP 16-00613**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF RYAN BRADWAY, PETITIONER,

V                                              MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER,
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RESPONDENT.

---

RYAN BRADWAY, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Bernadette T. Clark, J.], entered March 29, 2016) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv] [using drugs]). At the outset, we note that, " '[b]ecause the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court' " (*Matter of Wearen v Deputy Supt. Bish*, 2 AD3d 1361, 1362). Nevertheless, we review the two issues raised by petitioner in the interest of judicial economy (*see id.*), i.e., that his employee assistant was inadequate and his hearing was not timely. Petitioner failed to raise those contentions during his tier III hearing and thus failed to preserve them for our review (*see Matter of Reeves v Goord*, 248 AD2d 994, 995, *lv denied* 92 NY2d 804).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court