Matter of Hackett v New York State Div. of Human Rights (2021 NY Slip Op 01678)





Matter of Hackett v New York State Div. of Human Rights


2021 NY Slip Op 01678


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1170 TP 18-02336

[*1]IN THE MATTER OF JOSEPH HACKETT, PETITIONER,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, RESPONDENT. 






JOSEPH HACKETT, PETITIONER PRO SE. 
CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (MARILYN BALCACER OF COUNSEL), FOR RESPONDENT.


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], dated December 11, 2018) to review a determination of respondent. The determination found no probable cause for claimed discrimination. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner filed a complaint with respondent, New York State Division of Human Rights (DHR), alleging this his former employer unlawfully discriminated and retaliated against him. Following an investigation, DHR dismissed the administrative complaint, finding no probable cause to believe that the employer engaged in discriminatory or retaliatory conduct. Petitioner later commenced this proceeding pursuant to Executive Law § 298, contending, inter alia, that DHR's determination was not supported by a rational basis.
We agree with DHR that Supreme Court improperly transferred the proceeding to this Court pursuant to Executive Law § 298 (see Bentkowsky v Tokio Re Corp., 139 AD2d 436, 436 [1st Dept 1988]; see also Matter of Sidoti v New York State Div. of Human Rights, 212 AD2d 537, 537-538 [2d Dept 1995]). We nevertheless address the issues in the interest of judicial economy (see Matter of Bradway v Annucci, 145 AD3d 1590, 1591 [4th Dept 2016]) and conclude that the petition must be dismissed based on petitioner's failure to name the employer as a necessary party. Pursuant to 22 NYCRR 202.57 (a), a petitioner challenging a determination of DHR must "nam[e] as respondents the State Division of Human Rights and all other parties appearing in the proceeding before the State Division of Human Rights" (emphasis added). Petitioner's failure to join the employer, i.e., a party appearing in the proceeding before the DHR, requires dismissal of the proceeding (see CPLR 1001; Matter of Rumman v Duane Reade, 64 AD3d 715, 715 [2d Dept 2009]; Matter of Jeanty v New York State Dept. of Correctional Servs., 36 AD3d 811, 812 [2d Dept 2007]; see also Matter of Massapequa Auto Salvage, Inc. v Donaldson, 40 AD3d 647, 649 [2d Dept 2007]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court