■ SIGNATURE BANK, Appellant, v MAIR FAIBISH et al., Respondents, et al., Defendants. [37 NYS3d 624]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated January 6, 2014, as granted those branches of the separate motions of the defendants Mair Faibish and Libra Marketing, Inc., the defendant Mitchell Gerstein, and the defendants Marguerite Barbella, Ernest Barbella, Thomas Barbella, Stephen Barbella, Amton, Inc., Bektrom Foods, Inc., TCB Consulting, Inc., and MB Monroe Holdings, Inc., doing business as MB Monroe Properties, Inc., which were to dismiss the amended complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (10) for failure to join necessary parties, and (2) from so much of an order of the same court dated May 15, 2014, as, upon reargument, adhered to its original determination in the order dated January 6, 2014, granting those branches of the subject motions.

Ordered that the appeal from the order dated January 6, 2014, is dismissed, as the portion of the order appealed from was superseded by the order dated May 15, 2014, made upon reargument; and it is further,

Ordered that the order dated May 15, 2014, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order dated January 6, 2014, granting those branches of the separate motions of the defendants Mair Faibish and Libra Marketing, Inc., the defendant Mitchell Gerstein, and the defendants Marguerite Barbella, Ernest Barbella, Thomas Barbella, Stephen Barbella, Amton, Inc., Bektrom Foods, Inc., TCB Consulting, Inc., and MB Monroe Holdings, Inc., doing business as MB Monroe Properties, Inc., which were to dismiss the amended complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (10) for failure to join necessary parties is vacated, and thereupon, those branches of the separate motions are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The amended complaint in this action alleges that the individual defendants Mair Faibish, Mitchell Gerstein, Marguerite Barbella, Ernest Barbella, Thomas Barbella, and Stephen Barbella (hereinafter collectively the individual de-

fendants) participated in, and benefitted from, a check-kiting scheme, to the detriment of the plaintiff, a bank. The individual defendants are alleged to have owned, operated, invested in, and/or controlled certain nonparty corporations, Quality Food Brands, Inc., PHS Group, Inc., and Synergy Brands, Inc. (hereinafter collectively the nonparty corporations), which had bank accounts with the plaintiff. The nonparty corporations are in bankruptcy and cannot be joined as defendants in this action due to automatic bankruptcy stays which are in effect (*see* 11 USC § 362). The individual defendants also are alleged to have owned, operated, invested in, and/or controlled certain defendant corporations, Amton, Inc., Bektrom Foods, Inc., TCB Consulting, Inc., Libra Marketing, Inc., and MB Monroe Holdings, Inc., doing business as MB Monroe Properties, Inc. (hereinafter, together with the individual defendants, the defendants), which are alleged to be shell entities that were used to launder the proceeds of the check-kiting scheme.

In an order dated January 6, 2014, the Supreme Court granted those branches of the defendants' separate motions which were to dismiss the amended complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (10) for failure to join the nonparty corporations as defendants. In an order dated May 15, 2014, the court granted the plaintiff's motion for leave to reargue, and adhered to its original determination. We now reverse the order dated May 15, 2014, insofar as appealed from, and deny those branches of the defendants' separate motions which were to dismiss the amended complaint insofar as asserted against each of them for failure to join necessary parties. The defendants failed to establish either that complete relief could not be accorded between the parties without the nonparty corporations, or that the nonparty corporations might be inequitably affected by a judgment in this action (*see* CPLR 1001 [a]; *Strough v Incorporated Vil. of W. Hampton Dunes*, 78 AD3d 1037, 1040 [2010]). Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.