Matter of Mulford Bay, LLC v Rocco (2020 NY Slip Op 05050)





Matter of Mulford Bay, LLC v Rocco


2020 NY Slip Op 05050


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-10762
 (Index No. 10644/16)

[*1]In the Matter of Mulford Bay, LLC, appellant,
v
John Rocco, etc., et al., respondents.


Richard I. Scheyer, Nesconset, NY, for appellant.
Egan & Golden LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Patchogue, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 25, 2017. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding for failure to join a necessary party.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated, so much of the order and judgment as denied, as academic, the respondents' motion, inter alia, pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for the joinder of 160 South Ocean, LLC, as a respondent in this proceeding, without prejudice to its right to assert any defenses or affirmative defenses, for the service of the notice of petition and petition by the petitioner upon 160 South Ocean, LLC, within 30 days after service upon the petitioner of a copy of this order, for the service by 160 South Ocean, LLC, of an answer or motion directed to the petition, and thereafter for further proceedings in accordance herewith, including a determination on the merits of the respondents' motion.
The petitioner commenced this proceeding pursuant to CPLR article 78 in the Supreme Court, Suffolk County, to review a determination of the Planning Board of the Incorporated Village of Patchogue. The determination granted the petitioner's application for subdivision approval subject to certain conditions that the petitioner objected to. The determination also affected the rights and obligations of a neighboring landowner, 160 South Ocean, LLC. The respondents moved, inter alia, pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition on various grounds. By order and judgment dated August 25, 2017, the Supreme Court denied the motion as academic, and denied the petition and dismissed the proceeding for failure to join 160 South Ocean, LLC, as a necessary party. The petitioner appeals.
160 South Ocean, LLC, is a necessary party to this proceeding (see CPLR 1001[a]; Halfond v White Lake Shores Assn., Inc., 114 AD3d 1315, 1318) subject to the jurisdiction of the court, and therefore, the Supreme Court should have "order[ed] [it] summoned," rather than denying the petition and dismissing the proceeding for failure to join a necessary party (CPLR 1001[b]; see [*2]Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727). Accordingly, we reinstate the petition and remit the matter to the Supreme Court, Suffolk County, for further proceedings, including a determination on the merits of the respondents' motion, inter alia, to dismiss the petition (see Matter of Germain v Town of Chester Planning Bd., 156 AD3d 633).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court