NRZ Pass-Through Trust IV v Tarantola (2021 NY Slip Op 01423)





NRZ Pass-Through Trust IV v Tarantola


2021 NY Slip Op 01423


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-02890
 (Index No. 135266/15)

[*1]NRZ Pass-Through Trust IV, etc, appellant,
v
Linda Sclafani Tarantola, et al., respondents.


Maynard, Cooper & Gale, P.C., New York, NY (Brandt P. Hill of counsel), for appellant.
Scunziano & Associates, LLC, Brooklyn, NY (Nicholas P. Scunziano of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated February 14, 2018. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Linda Sclafani Tarantola and Robert Tarantola, Jr., which was to dismiss the complaint for failure to join necessary parties.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendants Linda Sclafani Tarantola and Robert Tarantola, Jr., which was to dismiss the complaint for failure to join necessary parties is denied, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.
The plaintiff commenced this action to foreclose a mortgage on real property, which was executed by nonparties Gus Sclafani (hereinafter Gus) and Robert Tarantola, Sr. (hereinafter Robert, Sr., and hereinafter together with Gus, the deceased mortgagors), and later modified by agreement executed by the deceased mortgagors as well as the defendant Linda Sclafani Tarantola (hereinafter Linda Tarantola). The deceased mortgagors died prior to commencement of the action. The complaint named as defendants Linda Tarantola and Robert Tarantola, Jr. (hereinafter together the defendants), to whom the subject real property was allegedly transferred by the sole surviving distributees of the deceased mortgagors, who died intestate. After joinder of issue and in response to the plaintiff's motion for summary judgment on the complaint, the defendants cross-moved, inter alia, to dismiss the complaint for failure to join the estates of the deceased mortgagors, as necessary parties. The Supreme Court granted that branch of the cross motion and the plaintiff appeals.
Pursuant to RPAPL 1311(1), "necessary defendants" in a mortgage foreclosure action include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein."
"In certain circumstances, the estate of the mortgagor is not a necessary party to a [*2]mortgage foreclosure action" (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747). In particular, "where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees," in whom title to the real property automatically vests (id. at 747; see Financial Freedom Senior Funding Corp. v Rose, 64 AD3d 539).
Here, the plaintiff did not seek a deficiency judgment. However, questions of fact existed, which should have been resolved by the Supreme Court, as to whether any distributees of the deceased mortgagors, other than the defendants herein, retained an interest in the property such that they were necessary parties to the foreclosure action. Further, to the extent that there were such necessary parties to the action, dismissal of the complaint was not the proper remedy; rather, the property remedy in such instance is to direct the joinder of those parties (see CPLR 1001[b]; Central Mtge. Co. v Davis, 149 AD3d 898, 900; Salomon Bros. Realty Corp. v Alvarez, 22 AD3d 482). Accordingly, we reverse the order, deny that branch of the defendants' cross motion which was to dismiss the complaint for failure to join necessary parties, and remit the matter to the Supreme Court, Richmond County, to determine whether any distributees of the deceased mortgagors were necessary parties, and if so, to direct their joinder.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court