BAC Home Loans Servicing, L.P. v Williams (2021 NY Slip Op 02780)





BAC Home Loans Servicing, L.P. v Williams


2021 NY Slip Op 02780


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-02001
 (Index No. 14473/09)

[*1]BAC Home Loans Servicing, L.P., etc., appellant,
v
Rodney Williams, etc., et al.., defendants, Ricardo Williams, etc., respondent.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and Douglas C. Weinert of counsel), for appellant.
Wolf & Associates, PLLC, Brooklyn, NY (Martin Wolf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 5, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Derek Jones, for leave to enter a default judgment against the remaining defendants, and for an order of reference, and granted that branch of the cross motion of the defendant Ricardo Williams which was to dismiss the complaint for failure to name a necessary party.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Ricardo Williams which was to dismiss the complaint for failure to name a necessary party, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On May 31, 2007, Sylvia Burrows executed and delivered to Countrywide Home Loans, Inc., a consolidation, extension, and modification agreement consolidating two prior mortgages on her property in Brooklyn, as well as a consolidated note and mortgage in the amount of $503,000.
Burrows died on December 13, 2008. In June 2009, the plaintiff commenced this action to foreclose the consolidated mortgage. The complaint acknowledged Burrows' death and named as defendants, among others, Burrows's individual heirs, including the defendant Ricardo Williams (hereinafter Williams).
On August 17, 2011, letters testamentary were issued to Williams, as executor of Burrows's estate (hereinafter the estate).
In 2016, the plaintiff moved, inter alia, to consolidate this action with a second [*2]foreclosure action commenced in 2015 by the plaintiff's successor in interest, Green Tree Servicing, LLC (hereinafter the 2015 action), for summary judgment on the complaint insofar as asserted against the defendant Derek Jones, for leave to enter a default judgment against the remaining defendants, and for an order of reference. The 2015 action, like this action, failed to name the estate as a defendant, and both complaints alleged, inter alia, that a default had occurred after Burrows's death and sought deficiency judgments.
Williams opposed the motion and cross-moved, inter alia, to dismiss the complaint for failure to name the estate as a necessary defendant or, in the alternative, in effect, for an order directing the joinder of the estate as a defendant in this action.
The Supreme Court, among other things, denied the plaintiff's motion and granted that branch of the cross motion which was to dismiss the complaint for failure to join a necessary party. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not err in finding that the estate was a necessary defendant. "Pursuant to RPAPL 1311(1), 'necessary defendants' in a mortgage foreclosure action include, among others, '[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the courtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein'" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 746-747). Particularly where, as here, the plaintiff seeks a deficiency judgment, and alleges a default in payment subsequent to the death of the deceased mortgagor, the estate of the mortgagor is a necessary party to the foreclosure action (see id. at 747). However, dismissal of the complaint was not the proper remedy; rather, the proper remedy was to direct the joinder of the estate as a defendant (see CPLR 1001[b]; NRZ Pass-Through Trust IV v Tarantola, 192 AD3d 819; Blatt v Johar, 177 AD3d 634, 636).
Therefore, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jones, for leave to enter a default judgment against the remaining defendants, and for an order of reference. However, instead of granting that branch of Williams's cross motion which was to dismiss the complaint for failure to name a necessary party, the court should have directed the joinder of the estate as a defendant. Accordingly, we remit the matter to the Supreme Court, Kings County, to direct joinder of the estate as a defendant.
The parties' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court