U.S. Bank Trust N.A. v Germoso (2023 NY Slip Op 02704)

U.S. Bank Trust N.A. v Germoso

2023 NY Slip Op 02704

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-00431
 (Index No. 10548/09)

[*1]U.S. Bank Trust National Association, etc., respondent,
v
Norma Germoso, et al., defendants; Jose F. Cabrera, et al., intervenors-appellants.

The Emanuel Law Firm, LLC, Brooklyn, NY (Richard G. Monaco of counsel), for intervenors-appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenors, Jose F. Cabrera and Teodoro Fernandez, appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 20, 2020. The order, insofar as appealed from, denied that branch of the intervenors' motion which was to dismiss the complaint based on, among other grounds, the plaintiff's failure to join a necessary party.
ORDERED that the order is modified, on the law, by adding thereto a provision stating that the denial of that branch of the intervenors' motion which was to dismiss the complaint based on the plaintiff's failure to join a necessary party is without prejudice to renew; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On January 19, 2007, Tobias Germoso executed a note in the principal sum of $330,000 and a mortgage in favor of the plaintiff's predecessor in interest on certain real property located in Brooklyn (hereinafter the subject property). Tobias Germoso died in Pennsylvania on July 17, 2007.
In April 2009, the plaintiff's predecessor in interest commenced this action to foreclose the mortgage. The complaint acknowledged Tobias Germoso's death and named as defendants, among others, his individual heirs, Norma Germoso, Tobias Germoso, Jr., and Mercedes Germoso (hereinafter collectively the defendants). By a series of assignments, the mortgage was assigned to the plaintiff.
In March 2019, the defendants deeded the subject property to Jose F. Cabrera and Teodoro Fernandez. In October 2020, Cabrera and Fernandez moved for leave to intervene in this action, and upon intervention, to dismiss the complaint based on, among other grounds, the plaintiff's failure to join a necessary party. The plaintiff opposed the motion.
The Supreme Court granted leave to Cabrera and Fernandez to intervene in this [*2]action, but otherwise denied the motion. Cabrera and Fernandez (hereinafter together the intervenors) appeal.
"Pursuant to RPAPL 1311 (1), 'necessary defendants' in a mortgage foreclosure action include, among others, '[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the courtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein'" (BAC Home Loans Servicing, L.P. v Williams, 194 AD3d 681, 682, quoting U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 746-747). "Particularly where, as here, the plaintiff seeks a deficiency judgment, and alleges a default in payment subsequent to the death of the deceased mortgagor, the estate of the mortgagor is a necessary party to the foreclosure action" (BAC Home Loans Servicing, L.P. v Williams, 194 AD3d at 682; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d at 747).
However, the intervenors failed to demonstrate that the plaintiff's failure to join the estate as a defendant warranted dismissal of the complaint. Dismissal of an action for nonjoinder of a necessary party "'is only a last resort'" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 821, quoting Siegel, New York Practice § 133 [3d ed 1999]; see JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d 438, 439). When a necessary party has not been made a party and is "subject to the jurisdiction" of the court, the proper remedy is not dismissal of the complaint, but rather for the court to order that the necessary party be summoned (see CPLR 1001[b]; BAC Home Loans Servicing, L.P. v Williams, 194 AD3d at 682; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d at 747-748). Contrary to the intervenors' contention, the Supreme Court's ability to direct joinder of a representative of Tobias Germoso's estate at this juncture is not affected by the purported running of the statute of limitations, because the expiration of a statute of limitations is not a jurisdictional defect (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104; see also Matter of Nemeth v K-Tooling, 163 AD3d 1143, 1145). Moreover, the intervenors lack standing to assert a statute of limitations defense on behalf of the estate (see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 784). In any event, when jurisdiction over an absent necessary party "can be obtained only by [that party's] consent or appearance, the court, when justice requires, may allow the action to proceed without [that party]," upon consideration of various enumerated factors (CPLR 1001[b]; see JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d at 439).
Under these circumstances, the appropriate procedure is for the Supreme Court to determine whether a representative of Tobias Germoso's estate can be summoned and, if joinder cannot be effectuated, to determine whether the action may nevertheless proceed in that party's absence, upon consideration of the factors set forth in CPLR 1001(b) (see Sacasa v David Trust, 197 AD3d 750, 753; JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d at 439; Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 37). We therefore remit the matter to the Supreme Court, Kings County, for this determination, and we modify the order to provide that the denial of that branch of the intervenors' motion which was to dismiss the complaint based upon the plaintiff's failure to join a necessary party is without prejudice to renew (see generally Sacasa v David Trust, 197 AD3d at 753).
The parties' remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court