US Bank, N.A. v Orlando (2024 NY Slip Op 02078)

US Bank, N.A. v Orlando

2024 NY Slip Op 02078

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-07202
 (Index No. 610382/18)

[*1]US Bank, N.A., etc., respondent, 
v
Steven Orlando, etc., et al., defendants, John Doe, etc., appellant.

Hiller, P.C., New York, NY (Michael S. Hiller of counsel), for appellant.
Davidson Fink LLP, Rochester, NY (Todd Z. Marks of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bradley Spitz, sued herein as John Doe, appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated September 9, 2021. The order, insofar as appealed from, denied that defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 17, 2005, David C. Orlando (hereinafter David) executed a note in the principal sum of $630,000, which was secured by a mortgage of the same date on certain real property located in Huntington (hereinafter the subject property). David died in May 2012, and in April 2013, the mortgage was assigned to the plaintiff.
In May 2018, alleging that David had failed to make his monthly mortgage payments due on June 1, 2012, and thereafter, the plaintiff commenced this action against the defendants Steven Orlando, as heir at law and next of kin to David (hereinafter Steven), and John Does, "said names being fictitious, parties intended being possible tenants or occupants of premises," among others, to foreclose the mortgage. It is undisputed that the defendant Bradley Spitz, sued herein as John Doe (hereinafter the defendant), was a resident of the subject property at the time the action was commenced. On July 17, 2018, the defendant interposed an answer to the complaint, asserting various affirmative defenses, including that the Supreme Court lacked personal jurisdiction over him, as he was improperly served with process, that the plaintiff failed to comply with conditions precedent to the commencement of an action to foreclose the mortgage, and that the plaintiff failed to name a necessary party to the action. Steven did not interpose an answer or otherwise appear in the action.
In September 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, to amend the caption to substitute the defendant for John Doe, and for the appointment of a referee to calculate the amount due to the plaintiff. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on various grounds. The plaintiff opposed the defendant's cross-motion. The Supreme Court, among other things, denied the plaintiff's motion and the defendant's cross-motion. The defendant appeals.
As the Supreme Court properly found, the statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 is a "personal defense" that could not be raised by the defendant, a stranger to the note and underlying mortgage (Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024 [internal quotation marks omitted]; see Citimortgage, Inc. v Etienne, 172 AD3d 808, 810). Similarly, the defendant, who "is not a party to either the note or mortgage, lacks standing to raise as a defense to this action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the note and mortgage" (Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d at 1024).
"'[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship'" (Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d 549, 553, quoting U.S. Bank N.A. v Roque, 172 AD3d 948, 950 [internal quotation marks omitted]).
Here, as the Supreme Court properly found, the defendant waived his defense of lack of personal jurisdiction on the basis of improper service of process, as the defendant failed to move to dismiss on that basis within 60 days after serving his answer and further failed to satisfy the strict undue hardship standard (see CPLR 3211[e]; Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d at 553).
Dismissal of an action for nonjoinder of a necessary party "'is only a last resort'" (U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047, quoting Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 821 [internal quotation marks omitted]; see David D. Siegel & Patrick M. Connors, New York Practice § 133 [6th ed, Dec. 2023 update]; see also JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d 438, 439). "When a necessary party has not been made a party and is 'subject to the jurisdiction' of the court, the proper remedy is not dismissal of the complaint, but rather for the court to order that the necessary party be summoned" (U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1047, quoting CPLR 1001[b]; see BAC Home Loans Servicing, L.P. v Williams, 194 AD3d 681, 682).
Here, the Supreme Court utilized the appropriate procedure in directing the plaintiff to summon the administrator of David's estate so as to effectuate joinder (see U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1048; Sacasa v David Trust, 197 AD3d 750, 753).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court