Matter of Cuomo v East Williston Union Free Sch. Dist. (2024 NY Slip Op 02702)

Matter of Cuomo v East Williston Union Free Sch. Dist.

2024 NY Slip Op 02702

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2019-12938
2019-12940
 (Index No. 611616/19)

[*1]In the Matter of Paula Cuomo, et al., respondents,
v
East Williston Union Free School District, et al., appellants.

Guercio & Guercio, LLP, Farmingdale, NY (John P. Sheahan of counsel), for appellants.
Cuomo LLC, Mineola, NY (Matthew A. Cuomo, named herein as Matthew Cuomo, pro se of counsel), for respondents.
Jay Worona, Latham, NY (Jeffrey Mongelli of counsel), for amici curiae New York State School Boards Association, New York State Council of School Superintendents, and Association of School Business Officials of New York.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondents/defendants to commence construction of a fence without first obtaining zoning approval from the Village of East Williston and action for declaratory relief, the respondents/defendants appeal from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered October 9, 2019, and (2) an order of the same court entered October 16, 2019. The order and judgment, insofar as appealed from, granted the petition and made declarations in favor of the petitioners/plaintiffs. The order denied the respondents/defendants' motion pursuant to CPLR 3211(a) to dismiss the petition/complaint.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law; and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted by the petitioners/plaintiffs Rita Botensten, Edward Murphy, Richard Kearns, Maureen Kearns, Kathleen Daw, Phil Strauss, Carla Strauss, and John Wanamaker, and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto a provision stating that the denial of that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted by the petitioners/plaintiffs Paula Cuomo, Matthew Cuomo, Philip Chappo, Maureen Chappo, Anastasia Katagas, Steven Katagas, Thomas Bassman, Jamie Cutinella, Karen Beresheim, and Dennis Beresheim for failure to join necessary parties is without prejudice to renew; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the respondents/defendants.
The respondents/defendants, East Williston Union Free School District and Board of Education of the East Williston Union Free School District, operate the North Side School, an elementary school in the Village of East Williston. In April 2019, the New York State Education Department (hereinafter SED) issued a building permit to the respondents/defendants for the construction of a six-foot-high fence enclosing three sides of the North Side School property. In a letter dated May 7, 2019, SED informed the respondents/defendants that "[SED's] approval of a school district building project is separate and distinct from any local zoning approval which may still be required." Without seeking zoning approval, the respondents/defendants began constructing the fence on or about August 8, 2019.
In August 2019, the petitioners/plaintiffs, all residents of the Village, commenced this hybrid proceeding pursuant to CPLR article 78 to review the respondents/defendants' determination to commence construction of the fence without first obtaining zoning approval from the Village and action for a judgment declaring that the respondents/defendants are not absolutely immune from local zoning considerations, local zoning considerations are applicable to the respondents/defendants when there is no conflicting state law or regulation, and, with respect to the construction of the fence and the height thereof, the respondents/defendants are subject to the jurisdiction of the Village because there are no particular state laws or regulations that preempt Village zoning laws with respect to fencing and the height thereof. Shortly thereafter, the petitioners/plaintiffs moved for a preliminary injunction enjoining the respondents/defendants from continuing construction of the fence during the pendency of the proceeding/action and for the relief sought in the petition/complaint.
The respondents/defendants subsequently moved pursuant to CPLR 3211(a) to dismiss the petition/complaint on various grounds, including lack of standing, failure to join SED and the Commissioner of Education (hereinafter the Commissioner) as necessary parties, expiration of the statute of limitations, and failure to file a notice of claim pursuant to Education Law § 3813.
In an order and judgment entered October 9, 2019, prior to determining the respondents/defendants' motion and without allowing the respondents/defendants to interpose an answer, the Supreme Court, inter alia, granted the petition and made the declarations sought in the complaint. The court determined, among other things, that the respondents/defendants were not absolutely immune from Village zoning laws and that the respondents/defendants' determination to "ignore the legal requirement to file for a permit and follow the Village code process was arbitrary and capricious." In an order entered October 16, 2019, the court denied the respondents/defendants' motion. The respondents/defendants appeal.
In order to demonstrate standing to challenge an administrative action, a "petitioner need only show that the administrative action will in fact have a harmful effect on [it] and that the interest asserted is arguably within the zone of interest to be protected by the statute" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412 [internal quotation marks omitted]; see Matter of Kogut v Village of Chestnut Ridge, 214 AD3d 808, 809). A party seeking standing to challenge an administrative action must establish that the injury it sustained was "different in kind and degree from the community generally" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 413; see Matter of Kogut v Village of Chestnut Ridge, 214 AD3d at 809). A party residing "in the immediate vicinity" of the subject property suffers harm greater than the community at large when the subject property violates a zoning law because "loss of value of individual property may be presumed from depreciation of the character of the immediate neighborhood" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 414; see Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 807).
Contrary to the petitioners/plaintiffs' contention, not all of the petitioners/plaintiffs had standing to challenge the actions of the respondents/defendants. The petition/complaint failed to allege any facts that would establish that the petitioners/plaintiffs Rita Botensten, Edward Murphy, [*2]Richard Kearns, Maureen Kearns, Kathleen Daw, Phil Strauss, Carla Strauss, and John Wanamaker lived in close proximity to the North Side School and, therefore, did not establish that those petitioners/plaintiffs suffered injury greater than the community generally (see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 761; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 944). Accordingly, the Supreme Court should have granted that branch of the respondents/defendants' motion which was to dismiss the petition/complaint insofar as asserted by those petitioners/plaintiffs.
As to that branch of the respondents/defendants' motion which was to dismiss the petition/complaint insofar as asserted by the petitioners/plaintiffs Paula Cuomo, Matthew Cuomo, Philip Chappo, Maureen Chappo, Anastasia Katagas, Steven Katagas, Thomas Bassman, Jamie Cutinella, Karen Beresheim, and Dennis Beresheim for failure to join necessary parties, "[n]ecessary parties are persons who might be inequitably affected by a judgment in the action and must be made plaintiffs or defendants" (Sacasa v David Trust, 197 AD3d 750, 752 [internal quotation marks omitted]; see Kelley v Garuda, 189 AD3d 807, 809; CPLR 1001[a]). SED and the Commissioner are necessary parties because the Supreme Court's determination would necessarily determine their rights to set school safety standards and approve plans for school construction (see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475; NRZ Pass-Through Trust IV v Tarantola, 192 AD3d 819, 821).
Dismissal of an action or proceeding for nonjoinder of a necessary party "is only a last resort" (U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047 [internal quotation marks omitted]; see Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520, 1520-1521). "When a necessary party has not been made a party and is subject to the jurisdiction of the court, the proper remedy is not dismissal of the complaint, but rather for the court to order that the necessary party be summoned" (U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1047 [internal quotation marks omitted]; see NRZ Pass-Through Trust IV v Tarantola, 192 AD3d at 821). Under these circumstances, the appropriate procedure is for the Supreme Court to determine whether SED and the Commissioner can be summoned and, if joinder cannot be effectuated, to determine whether the proceeding/action may nevertheless proceed in those parties' absence, upon consideration of the factors set forth in CPLR 1001(b) (see Sacasa v David Trust, 197 AD3d at 753).
In light of our determination, it was premature for the Supreme Court to grant the petition and make the declarations sought in the complaint. We therefore reverse the order and judgment insofar as appealed from, remit the matter to the Supreme Court, Nassau County, for a determination as to whether SED and the Commissioner can be summoned and, if joinder cannot be effectuated, to determine whether the proceeding/action may nevertheless proceed in those parties' absence, upon consideration of the factors set forth in CPLR 1001(b), and modify the order by granting that branch of the respondents/defendants' motion which was to dismiss the petition/complaint insofar as asserted by Rita Botensten, Edward Murphy, Richard Kearns, Maureen Kearns, Kathleen Daw, Phil Strauss, Carla Strauss, and John Wanamaker, and by providing that the denial of that branch of the respondents/defendants' motion which was to dismiss the petition/complaint insofar as asserted by Paula Cuomo, Matthew Cuomo, Philip Chappo, Maureen Chappo, Anastasia Katagas, Steven Katagas, Thomas Bassman, Jamie Cutinella, Karen Beresheim, and Dennis Beresheim for failure to join necessary parties is without prejudice to renew.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court