Matter of Hofstra Univ. v Nassau County Planning Commn. (2024 NY Slip Op 05208)

Matter of Hofstra Univ. v Nassau County Planning Commn.

2024 NY Slip Op 05208

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-10600
 (Index No. 606293/23)

[*1]In the Matter of Hofstra University, respondent-appellant, 
v
Nassau County Planning Commission, et al., appellants-respondents.

Sullivan & Cromwell LLP, New York, NY (Robert J. Giuffra, Jr., Matthew A. Schwartz, and Christopher M. Weldon of counsel), for appellants-respondents.
Petrillo Klein + Boxer LLP, New York, NY (Adam H. Schuman and Christina Karam of counsel), for respondent-appellant.

DECISION & ORDER
In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to annul a lease between Nassau County and LVS NY Holdco 2, LLC, and action for declaratory relief, the respondents/defendants appeal, and the petitioner/plaintiff cross-appeals, from an order and judgment (one paper) of the Supreme Court, Nassau County (Sarika Kapoor, J.), entered November 13, 2023. The order and judgment, insofar as appealed from, annulled (1) a vote of the Nassau County Planning Commission held on April 27, 2023, recommending, among other things, approval of the execution of a lease between Nassau County and LVS NY Holdco 2, LLC, (2) a resolution of the Nassau County Planning Commission dated April 27, 2023, recommending, inter alia, approval of the execution of a lease between Nassau County and LVS NY Holdco 2, LLC, (3) a negative declaration issued by the Nassau County Legislature pursuant to the State Environmental Quality Review Act with respect to the execution of a lease between Nassau County and LVS NY Holdco 2, LLC, (4) a vote of the Nassau County Legislature held on May 22, 2023, approving, among other things, the execution of a lease between Nassau County and LVS NY Holdco 2, LLC, and (5) a lease between Nassau County and LVS NY Holdco 2, LLC, and awarded the petitioner/plaintiff attorneys' fees pursuant to Public Officers Law § 107(2). The order and judgment, insofar as cross-appealed from, directed a trial on the seventh and eighth causes of action and denied so much of the tenth cause of action as was pursuant to CPLR article 78, alleging a violation of the Nassau County Administrative Code by the Nassau County Planning Commission in its issuance of recommendations to the Nassau County Legislature and the Nassau County Executive with respect to the execution of a lease between Nassau County and LVS NY Holdco 2, LLC, and, in effect, dismissed so much of that cause of action.
ORDERED that on the Court's own motion, the notice of cross-appeal from so much of the order and judgment as directed a trial on the seventh and eighth causes of action is deemed to be an application for leave to cross-appeal from that portion of the order and judgment, and leave to cross-appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order and judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
Nassau County planned to lease certain properties to Las Vegas Sands, a casino operator. The Nassau Coliseum and a Marriott Hotel were located on these properties, which together are known as the Nassau Hub. Las Vegas Sands planned to develop a casino at the Nassau Hub should it receive one of three licenses available from the State of New York. In accordance with Nassau County Administrative Code § 11-8.0, the Nassau County Planning Commission (hereinafter the Planning Commission) held a public hearing and passed a resolution, recommending, inter alia, that the County Legislature and the County Executive enter into a lease with Las Vegas Sands. Subsequently, the County Legislature enacted an ordinance approving the execution of a lease between the County and LVS NY Holdco 2, LLC, a holding company of Las Vegas Sands, and the County Executive, on behalf of the County, entered into a lease for the properties comprising the Nassau Hub with LVS NY Holdco 2, LLC.
Hofstra University (hereinafter Hofstra) is located on property adjacent to the Nassau Hub. Hofstra commenced this hybrid proceeding, among other things, pursuant to CPLR article 78 to annul (1) a vote and resolution of the Planning Commission recommending, inter alia, that the County Legislature and the County Executive enter into the lease, (2) a negative declaration issued by the County Legislature pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) with respect to the lease, (3) a vote of the County Legislature approving, among other things, the lease, and (4) the lease, and action for related declaratory relief against the Planning Commission, Nassau County Planning Department, Nassau County Real Estate Planning and Development Department, Nassau County Attorney's Office, Nassau County Legislature, and Nassau County (hereinafter collectively the respondents), and for an award of attorneys' fees pursuant to Public Officers Law§ 107(2). Hofstra alleges that the Planning Commission violated the Nassau County Administrative Code and the Open Meetings Law (see Public Officers Law § 100 et seq.) in making the recommendations in this case. Hofstra further alleges that the County Legislature improperly segmented its environmental review of the project in violation of the requirements of SEQRA.
In an order and judgment entered November 13, 2023, the Supreme Court, inter alia, annulled the vote and resolution of the Planning Commission, the negative declaration issued by the County Legislature, the vote of the County Legislature, and the lease based on a violation of the Open Meetings Law and/or a violation of SEQRA, awarded Hofstra attorneys' fees pursuant to Public Officers Law § 107(2), directed a trial on the seventh and eighth causes of action, and denied so much of the tenth cause of action as was pursuant to CPLR article 78, alleging a violation of the Nassau County Administrative Code by the Planning Commission in its issuance of recommendations to the County Legislature and the County Executive with respect to the execution of the lease, and, in effect, dismissed so much of that cause of action. The respondents appeal, and Hofstra cross-appeals.
The respondents contend that Hofstra failed to join a necessary party to this matter, LVS NY Holdco 2, LLC. "The nonjoinder of necessary parties may be raised at any stage of the proceedings, by any party or by the court on its own motion, including for the first time on appeal" (Miller v Wendy Joan St. Wecker Trust U/A Aug. 28, 1997, 173 AD3d 1007, 1009; see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475; Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875). "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants" (CPLR 1001[a]; see BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759; Signature Bank v Faibish, 142 AD3d 1069, 1070). Here, LVS NY Holdco 2, LLC, as a party to the lease that was annulled, is a necessary party to this matter (see Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo School Dist., 48 AD3d 1103, 1103-1104; Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth., 18 AD3d 1103; Matter of Cestone Bros., Inc. v Solowinski, 276 App Div 970; see also Subolo Contr. Corp. v County of Westchester, 282 AD2d 737).
Contrary to the respondents' contention, dismissal of this matter is not the appropriate remedy for nonjoiner of LVS NY Holdco 2, LLC, based upon the alleged expiration of the statute of limitations to add LVS NY Holdco 2, LLC, as a party. "Dismissal of an action [or proceeding] for nonjoinder of a necessary party is only a last resort" (U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047 [internal quotation marks omitted]; see Matter of Mulford Bay, LLC v Rocco, 186 AD3d [*2]1520, 1520-1521). A court's "ability to direct joinder of a [necessary party] is not affected by the purported running of the statute of limitations, because the expiration of a statute of limitations is not a jurisdictional defect" (U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1047; see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727). Accordingly, the Supreme Court should direct that LVS NY Holdco 2, LLC, be summoned in this matter (see U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1047; Matter of Mulford Bay, LLC v Rocco, 186 AD3d at 1520-1521).
In light of our determination, it is premature to consider the merits of the parties' contentions. We therefore reverse the order and judgment insofar as appealed from and cross-appealed from, and remit the matter to the Supreme Court, Nassau County, for the joinder of LVS NY Holdco 2, LLC, as a respondent/defendant, without prejudice to its right to assert any defenses or affirmative defenses, for the service of the petition/complaint within 30 days after service upon the petitioner/plaintiff of a copy of this order, for the service by LVS NY Holdco 2, LLC, of an answer or motion directed to the petition/complaint, and thereafter for further proceedings, including a new determination of the petition/complaint (see Matter of Mulford Bay, LLC v Rocco, 186 AD3d at 1520-1521).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court