Matter of Supinsky v Town of Huntington (2025 NY Slip Op 00323)

Matter of Supinsky v Town of Huntington

2025 NY Slip Op 00323

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-05327
 (Index No. 606574/20)

[*1]In the Matter of Jeffrey Supinsky, et al., appellants,
v
Town of Huntington, et al., respondents.

Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (Jarrett M. Behar of counsel), for appellants.
Susan J. Coleman, Town Attorney, Huntington, NY (John C. Bennett of counsel), for respondents Town of Huntington and Town of Huntington Zoning Board of Appeals.
Farrell Fritz, P.C., Hauppauge, NY (Anthony S. Guardino and Philip A. Butler of counsel), for respondents Artis Senior Living and Max Ferentinos.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Huntington Zoning Board of Appeals dated January 9, 2020, which, after a hearing, granted the application of the respondents Artis Senior Living and Max Ferentinos for area variances, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Linda Kevins, J.), dated June 23, 2021. The order and judgment granted the separate motions of the respondents Town of Huntington and Town of Huntington Zoning Board of Appeals and the respondents Artis Senior Living and Max Ferentinos pursuant to CPLR 3211(a) and 7804 to dismiss the petition insofar as asserted against each of them, denied, as academic, the petitioners' motion to compel certain discovery and pursuant to CPLR 1001 to join Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn as respondents in the proceeding, and dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting the separate motions of the respondents Town of Huntington and Town of Huntington Zoning Board of Appeals and the respondents Artis Senior Living and Max Ferentinos pursuant to CPLR 3211(a) and 7804 to dismiss the petition insofar as asserted against each of them, and substituting therefor a provision denying the motions, and (2) by deleting the provision thereof denying, as academic, that branch of the petitioners' motion which was pursuant to CPLR 1001 to join Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn as respondents in the proceeding, and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed, with one bill of costs to the petitioners, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the joinder of Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn as respondents in the proceeding, without prejudice to their right to assert any defenses or affirmative defenses, for the service of the notice of petition and petition by the petitioners upon Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn within 30 days after service upon the petitioners of a copy of this decision and order, for the service by Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn of [*2]an answer or motion directed to the petition, and thereafter for further proceedings in accordance herewith.
The petitioners commenced this proceeding against the respondents Town of Huntington and Town of Huntington Zoning Board of Appeals (hereinafter the ZBA and, together with the Town, the Town respondents) and the respondents Artis Senior Living and Max Ferentinos (hereinafter together the Artis respondents) pursuant to CPLR article 78 to review a determination of the ZBA granting the Artis respondents' application for area variances that would permit the construction of an assisted living facility on certain real property located in Cold Spring Harbor. The Town respondents and the Artis respondents separately moved pursuant to CPLR 3211(a) and 7804 to dismiss the petition insofar as asserted against each of them, inter alia, for failure to timely join necessary parties, arguing that the owners of the property, Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn, were not named as parties in the proceeding. The petitioners moved to compel certain discovery as to the identity of the actual owners of the property and pursuant to CPLR 1001 to join Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn as respondents in the proceeding. The Supreme Court granted the respondents' separate motions, denied the petitioners' motion as academic, and dismissed the proceeding. The petitioners appeal.
When a necessary party has not been made a party and is "subject to the jurisdiction" of the court, the proper remedy is not dismissal of the complaint or the petition, but rather for the court to direct that the necessary party be summoned (id. § 1001[b]; see U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047; Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520). Contrary to the respondents' contention, the Supreme Court's ability to direct joinder of the property owners at this juncture is not affected by the purported running of the statute of limitations (see U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1047; Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520). Moreover, the respondents lack standing to assert a statute of limitations defense on behalf of the property owners, who have not yet appeared in this proceeding (see U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1048; BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 783-784). Thus, the respondents failed to demonstrate that the petitioners' failure to join the property owners as respondents warranted dismissal of the petition.
Accordingly, the Supreme Court should have denied the respondents' separate motions pursuant to CPLR 3211(a) and 7804 to dismiss the petition insofar as asserted against each of them and granted that branch of the petitioners' motion which was to join Dunn Family Partnership, L.P., East Gate Associates, and Daniel Dunn as respondents in the proceeding.
We need not reach the petitioners' remaining contention in light of our determination.
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court