U.S. Bank N.A. v Clark (2026 NY Slip Op 00166)

U.S. Bank N.A. v Clark

2026 NY Slip Op 00166

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-08068
 (Index No. 519404/16)

[*1]U.S. Bank National Association, etc., respondent,
vKenneth Clark, etc., appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kenneth Clark appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 3, 2023. The order denied that defendant's motion (1) for leave to renew that branch of his cross-motion which was pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court (Noach Dear, J.) dated May 9, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, which had been, in effect, denied in an order of the same court (Noach Dear, J.) dated January 2, 2019, and (2) to vacate the orders dated May 9, 2018, and January 2, 2019, and thereupon, to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated May 3, 2023, is affirmed, with costs.
In November 2016, the plaintiff commenced this action against the defendant Kenneth Clark (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant did not oppose the motion. In an order dated May 9, 2018, the Supreme Court granted the motion and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated May 9, 2018, as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference. In an order dated January 2, 2019, the Supreme Court, inter alia, in effect, denied that branch of the defendant's cross-motion which was pursuant to CPLR 5015(a)(1). The court rejected the defendant's assertion of law office failure, determining that the defendant's default in opposing the plaintiff's prior motion was the result of a strategic choice, and therefore, the defendant did not demonstrate a reasonable excuse for failing to oppose the plaintiff's prior motion.
Thereafter, the defendant moved for leave to renew that branch of his cross-motion which was pursuant to CPLR 5015(a)(1) and to vacate the orders dated May 9, 2018, and January 2, 2019, and thereupon, to dismiss the complaint insofar as asserted against him. In an order dated May 3, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion," or "shall demonstrate that there has been a change in the law that would change the prior determination" (id. § 2221[e][2], [3]; see Deutsche Bank Natl. Tr. Co. v Villatoro, 235 AD3d 621; U.S. Bank N.A. v Cuencas, 233 AD3d 913, 915). Here, the Supreme Court providently exercised its discretion in denying leave to renew, as the defendant identified no new facts or change in the law that would change the prior determination in the order dated January 2, 2019, that the defendant failed to demonstrate a reasonable excuse for his default in opposing the plaintiff's prior motion, among other things, for summary judgment on the complaint insofar as asserted against him (see U.S. Bank N.A. v Cuencas, 233 AD3d at 915). Accordingly, as the defendant failed to establish grounds to vacate his default, he was prohibited from raising nonjurisdictional defenses, including that the complaint was time-barred (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727; U.S. Bank N.A. v Callegari-Orlando, 231 AD3d 1185, 1187; U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047; U.S. Bank N.A. v Black, 209 AD3d 790, 791).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court