HSBC Bank USA, N.A. v Schneps (2026 NY Slip Op 01040)

HSBC Bank USA, N.A. v Schneps

2026 NY Slip Op 01040

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-04213
 (Index No. 607050/23)

[*1]HSBC Bank USA, National Association, etc., respondent,
vBarry Schneps, appellant.

Barry Schneps, West Hempstead, NY, appellant pro se.
Stradley Ronon Stevens & Young, LLP, New York, NY (Timothy Phillips of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated January 16, 2024. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, and, sua sponte, directed the plaintiff to join Chaya Schneps as a party in this action.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the plaintiff to join Chaya Schneps as a party in this action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
In February 2005, the defendant, Barry Schneps, and Chaya Schneps (hereinafter together the Schneps) executed a note in favor of GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint), in the principal sum of $387,000, secured by a mortgage on certain property in West Hempstead.
On July 22, 2011, the plaintiff, HSBC Bank USA, National Association (hereinafter HSBC), GreenPoint's successor in interest, commenced an action to foreclose the mortgage against, among others, the Schneps (hereinafter the 2011 action). On May 6, 2016, HSBC commenced another action to foreclose the mortgage against, among others, the Schneps (hereinafter the 2016 action). The complaint in the 2016 action called due the entire amount secured by the mortgage. The 2011 action was discontinued by order dated June 8, 2016. In 2022, the complaint in the 2016 action was dismissed insofar as asserted against Barry (see HSBC Bank USA, N.A. v Schneps, 210 AD3d 748).
In May 2023, while the 2016 action was still pending insofar as asserted against Chaya and without leave of court, HSBC commenced this action solely against Barry to foreclose the mortgage. In June 2023, Barry moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, on the grounds that the action was barred by the statute of limitations and that HSBC failed to join Chaya, a necessary party. HSBC opposed the motion. By order dated January 16, 2024, the Supreme Court denied Barry's motion and, sua sponte, directed HSBC to join Chaya as a party in [*2]this action. Barry appeals.
Pursuant to RPAPL 1311(1), the plaintiff in a mortgage foreclosure action is required to join, as a party defendant, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof." Here, Chaya is a necessary party to the instant mortgage foreclosure action (see CPLR 1001[a]; RPAPL 1311[1]; Bancplus Mtge. Corp. v Galloway, 203 AD2d 222). However, Barry failed to demonstrate that HSBC's failure to join Chaya as a defendant warranted dismissal of the complaint (see U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1048). When a necessary party has not been made a party and is "subject to the jurisdiction" of the court, the proper remedy is not dismissal of the complaint but, rather, for the court to order that the necessary party be summoned (CPLR 1001[b]; see BAC Home Loans Servicing, L.P. v Williams, 194 AD3d 681, 682; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747-748). Contrary to Barry's contention, the Supreme Court's ability to direct joinder of Chaya at this juncture is not affected by the purported running of the statute of limitations, because the expiration of a statute of limitations is not a jurisdictional defect (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727; U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1048; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104). Moreover, Barry lacked standing to assert a statute of limitations defense on behalf of Chaya (see U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1048; BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 784).
Accordingly, the Supreme Court properly denied Barry's motion pursuant to CPLR 3211(a) to dismiss the complaint and, sua sponte, directed HSBC to join Chaya as a party in this action.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court